The Honorable David W. Christel

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| RICHARD CHARLES WIESER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:26−cv−01862-DWC<br><br>**DEFENDANT THE HERTZ CORPORATION'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant, THE HERTZ CORPORATION, by and through its attorneys, Seyfarth Shaw LLP, and for its Answer and Affirmative and Other Defenses to Plaintiff's Amended Complaint ("Complaint"), hereby states as follows:

## I. NATURE OF THE ACTION

**1.** This is a proposed wage-and-hour class action brought under the Washington Industrial Welfare Act ("IWA"), the Washington Minimum Wage Act ("MWA"), and the Seattle Municipal Code ("SMC") SMC 14.20 ("Wage Theft Ordinance") seeking injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to pay all owed minimum wages due to failure to compensate employees for all hours worked; failure to pay all owed overtime wages; and failure to reimburse for all necessary business expenses. This action also challenges Defendants' unlawful restrictions on outside



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

employment and noncompetition covenants imposed on low-wage workers in violation of RCW 49.62.070 and RCW 49.62.020.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authorities.

**2.** Washington law ensures that low-wage employees are not unreasonably restricted from obtaining supplemental employment or other work during their employment.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**3.** To that end, RCW 49.62.070 operates as a strict liability statute to deter companies from including in their employment agreements any overbroad restrictions on outside employment during employment. In addition, the same overbroad restriction that violates RCW 49.62.070 also constitutes a noncompetition covenant under RCW 49.62.010(4) — because it indirectly prohibits the acceptance of business with entities that do business with Defendants — and is separately void and unenforceable under RCW 49.62.020 because Plaintiff's compensation did not meet the applicable statutory earnings threshold. Because of the power and knowledge imbalance between employers and employees, the inclusion of prohibited restrictions in an employment agreement triggers statutory damages regardless of whether the employer attempted to enforce it.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**4.** Defendants' standardized rules and regulations prohibit low-wage employees, who earn less than the applicable wage limits, from working for a competitor — a restriction that, without definition of "competitor," constitutes an overbroad prohibition that violates Washington law.

**ANSWER:** Denied.

**5.** Plaintiff seeks damages, fees and costs, and an injunction against Defendants forbidding them from including these provisions in employment rules applicable to low-wage employees.

**ANSWER:** Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory.

## II. JURISDICTION & VENUE

**6.** This Court has jurisdiction under RCW 2.08.010 because Plaintiff seeks damages in excess of three hundred dollars.

**ANSWER:** This case was properly removed to U.S. District Court for the Western District of Washington. The Court lacks jurisdiction over Defendant The Hertz Corporation because it did not employ Plaintiff or any putative class member. Defendant denies the remaining allegations not specifically admitted.

**7.** Venue is proper in King County, pursuant to RCW 4.12.025(1)(a)-(c), (3)(b), because Defendants reside in King County, Washington, Defendants transact business in King County, and Defendants employed at least some of the Class Members to work in the State of Washington and King County.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** This case was properly removed to U.S. District Court for the Western District of Washington. Defendant The Hertz Corporation denies that it employed Plaintiff or any putative class member in Washington. The Hertz Corporation is an improperly named defendant entity in this action. Defendant denies the remaining allegations not specifically admitted.

## III. THE PARTIES

**8.** Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff worked for Defendants as a transporter and/or a similar job title/position from approximately June 2019 through approximately April 2025.

**ANSWER:** Defendant is without sufficient information regarding the domicile or residence of Plaintiff and, on that basis, denies same. Defendant The Hertz Corporation denies that it employed Plaintiff or any putative class member in Washington. The Hertz Corporation is an improperly named defendant entity in this action. Plaintiff was employed by Hertz Local Edition Transporting, Inc. Defendant denies the remaining allegations not specifically admitted.

**9.** Defendant, The Hertz Corporation ("Defendants" or "Hertz"), is a Delaware company doing business in the State of Washington. Defendants own, operate, manage, and/or staff employees to work at vehicle transportation locations in Washington State. Defendants operate a comprehensive vehicle rental, leasing, and fleet management business that includes the operation and management of vehicle transport and rental locations throughout Washington State and the United States. Through their business operations, Defendants provide vehicle rental, leasing, and transportation services to customers throughout Washington State and beyond. Defendants operate business under various names, including but not limited to "The Hertz Corporation," "Hertz Local Edition Transporting," and/or "Hertz Local Edition." Defendants maintain vehicle transport and rental locations throughout Washington State, including but not



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

limited to locations in SeaTac, Seattle, and at Boeing Field on Airport Way South in Seattle. Through their business operations, Defendants transact business within King County, by including but not limited to operating locations in Seattle (e.g., Boeing Field on Airport Way South), SeaTac, Renton, Kent, Issaquah, Federal Way, Kirkland, among other cities in King County.

**ANSWER:** Defendant The Hertz Corporation denies that it employed Plaintiff or any putative class member in Washington. The Hertz Corporation is an improperly named defendant entity in this action. Plaintiff was employed by Hertz Local Edition Transporting, Inc. Defendant denies the remaining allegations not specifically admitted.

**10.** Additional individuals, known to Defendant Hertz but not yet identified by Plaintiff (and identified herein as Does 1-20) manage employees on behalf of Hertz and are statutory employers under Washington law because of their managerial role with the company.

**ANSWER:** Denied.

## IV. CLASS ALLEGATIONS

**11.** Plaintiff brings this action on behalf of Plaintiff, and all others similarly situated as a proposed class action pursuant to CR 23. The Classes that Plaintiff seeks to represent are defined as follows:

> **Class Members:** All current and former hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period").



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**Seattle Subclass Members:** All current and former non-exempt employees who worked for Defendants at any location within the geographic boundaries of the City of Seattle at any time during the Class Period.

**Outside Employment Class:** All current and former Washington employees of any one or more of the Defendants who, at any time from six years prior to the date of the filing of the Complaint through the date of class certification, were required to acknowledge any employment rules or agreement that restricted them from working for a competitor and who earned annualized compensation below twice the applicable state minimum wage during the period covered by that restriction.

**Noncompetition Class:** All current and former Washington employees of any one or more of the Defendants who, at any time from six years prior to the date of the filing of the Complaint through the date of class certification, were required to acknowledge any rule or agreement that restricted them from working for a competitor, and whose annualized earnings were below the applicable statutory earnings threshold under RCW 49.62.020 during the period covered by that restriction.

**ANSWER:** Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory.

**12.** Plaintiff reserves the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** Denied.

**13.** Based on public information about the number of low-wage employees employed by Defendants, there are also at least one hundred members of the Outside Employment Class and the Noncompetition Class, making joinder of all members impractical.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations.

**14.** There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members of the Class are so numerous that joinder of all members is impractical.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations.

**15.** Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative class; (2) Plaintiff's claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations.

**16.** Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

**ANSWER:** Denied.

**17.** Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a. Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiff and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

b. Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing their locations and permitting or requiring Plaintiff and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;

c. Whether Defendants maintained an adequate system for scheduling Plaintiff's and Class Members' rest periods;



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

d. Whether Defendants maintained an adequate system for ensuring that Plaintiff and Class Members could take timely meal and/or rest periods;

e. Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f. Whether Defendants have insufficient record-keeping on a systemic level;

g. Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050;

h. Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiff and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i. Whether Defendants violated SMC 14.20.020 by failing to pay all compensation owed to Seattle Subclass Members on established regular pay days at no longer than monthly payment intervals;

j. Whether Defendants violated SMC 14.20.020 by failing to reimburse Seattle Subclass Members for all necessary business expenses;

k. Whether Defendants violated SMC 14.20.030 by failing to maintain adequate records of hours worked and missed, late, or interrupted meal periods and rest periods for the Seattle Subclass;

l. Whether Defendants' standardized employment rules violate RCW Members from working for a competitor;



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

m. Whether Defendants' standardized employment rules constitute noncompetition covenants under RCW 49.62.010(4) that are void and unenforceable as applied to Noncompetition Class Members under RCW 49.62.020;

n. Whether Defendants maintained adequate systems to determine Outside Employment Class Members' and Noncompetition Class Members' compensation levels relative to the statutory thresholds before requiring acknowledgment of restrictive rules;

o. Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

p. The nature and extent of class-wide damages and the measure of damages for the Class.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations.

**18.** Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations.

**19.** Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

**ANSWER:** Denied.

**20.** Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies the allegations.

## V. FACTUAL BACKGROUND

**21.** During the Class Period, Plaintiff and each of the Class Members worked for Defendants in the State of Washington.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory. Defendant The Hertz Corporation denies that it employed Plaintiff or any putative class member in Washington. The Hertz Corporation is an improperly named defendant entity in this action.

**22.** Defendants assigned Plaintiff to work at various locations in Washington State throughout his employment. From approximately June 2019 through approximately mid-2022, Defendants assigned Plaintiff to work primarily at Defendants' vehicle transport location in SeaTac, Washington. From approximately mid-2022 through approximately October 2023, Defendants assigned Plaintiff to work primarily at Defendants' Downtown Seattle, Washington location. From approximately November 2023 through approximately April 21, 2025, Defendants assigned Plaintiff to work primarily at Defendants' Boeing Field location on Airport Way South in Seattle, Washington. Plaintiff's employment at the Boeing Field location — a Seattle location — lasted approximately fifteen (15) months.

**ANSWER:** Denied, including without limitation that The Hertz Corporation employed Plaintiff or any putative class member in Washington. The Hertz Corporation is an improperly named defendant entity in this action.

**23.** Throughout Plaintiff's employment, Plaintiff typically worked shifts lasting approximately seven (7) to nine (9) hours long, on a Monday through Thursday schedule. At times, Plaintiff worked more than forty (40) hours in a workweek. At all times during Plaintiff's employment, Defendants compensated Plaintiff with a base hourly rate for time counted by Defendants as hours worked. During the Class Period, Plaintiff was compensated with base hourly rates ranging from approximately $17.27 per hour to approximately $20.76 per hour, increasing over the course of his employment. For example, in 2024, Plaintiff was compensated



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

at a base hourly rate of approximately $19.97 per hour and at a base hourly rate of approximately $20.76 per hour effective in or around January 2025.

**ANSWER:** Denied, including without limitation that The Hertz Corporation employed Plaintiff or any putative class member in Washington. The Hertz Corporation is an improperly named defendant entity in this action.

**Meal and Rest Period Violations**

**24.** Washington law demands that employees be allowed a meal period of at least thirty minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a 10-minute rest break every four hours. WAC 296-126-092(1)–(4).

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**25.** At times, Defendants failed to provide compliant meal and rest periods for employees in Washington State. Hourly employees, including Plaintiff, sometimes worked through required breaks, were forced to take them late, or were not given them at all.

**ANSWER:** Denied.

**26.** For example, Plaintiff was sometimes forced to take a meal period after working more than five (5) hours due to the need to complete assigned job duties and/or Defendants' practice of dispatching transporters on long-distance runs from which they could not return to the office to clock out for a meal period within the first five hours of the shift.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** Denied.

**27.** For example, a sample of Defendants' time records for Plaintiff show clock outs for meal periods after the fifth hour of work, in violation of Washington law, on including but not limited to the following dates: Wednesday, January 29, 2025 (Plaintiff clocked in at 8:03 AM and did not clock out for a meal period until 1:43 PM, five (5) hours and forty (40) minutes into the shift); Thursday, February 20, 2025 (Plaintiff clocked in at 8:11 AM and did not clock out for a meal period until 1:50 PM, five (5) hours and thirty-nine (39) minutes into the shift); Monday, March 31, 2025 (Plaintiff clocked in at 8:02 AM and did not clock out for a meal period until 1:10 PM, five (5) hours and eight (8) minutes into the shift); and Tuesday, April 1, 2025 (Plaintiff clocked in at 8:00 AM and did not clock out for a meal period until 1:16 PM, five (5) hours and sixteen (16) minutes into the shift).

**ANSWER:** Denied.

**28.** Additionally, Plaintiff and other Class Members sometimes completed off-the-clock work prior to their scheduled shift time which Defendants failed to take into account when scheduling meal periods. For example, at times, Plaintiff and other Class Members experienced computer or system login issues at the start of their shifts that prevented them from clocking in immediately upon commencing work, resulting in pre-shift off-the-clock work time of approximately several minutes to five (5) minutes that was not recorded nor compensated. At other times, when Defendants' timekeeping systems were down, management clocked Plaintiff in per his scheduled start time regardless of when he actually started working, which resulted in unrecorded and uncompensated pre-shift off-the-clock work. Based on information and belief, Defendants failed to take this pre-shift off-the-clock work into account when scheduling meal periods, resulting in Class Members sometimes receiving late meal periods.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** Denied.

**29.** Plaintiff and other Class Members were also sometimes required to take shortened meal periods because Defendants' operational demands required Plaintiff and other Class Members to return to work before thirty (30) minutes elapsed.

**ANSWER:** Denied.

**30.** For example, a sample of Defendants' time records for Plaintiff show a clock out for a meal period of less than thirty (30) minutes on the following dates: Monday, September 9, 2024 (Plaintiff clocked out for a meal period at 12:50 PM and clocked back in at 1:10 PM — a meal period of only twenty (20) minutes); Tuesday, September 10, 2024 (Plaintiff clocked out at 1:37 PM and clocked back in at 2:06 PM — a meal period of twenty-nine (29) minutes); Thursday, September 12, 2024 (Plaintiff clocked out at 11:51 AM and clocked back in at 12:20 PM — a meal period of twenty-nine (29) minutes); Tuesday, September 3, 2024 (Plaintiff clocked out at 1:31 PM and clocked back in at 1:59 PM — a meal period of twenty-eight (28) minutes); and Tuesday, April 2, 2024 (Plaintiff clocked out at 12:15 PM and clocked back in at 12:44 PM — a meal period of twenty-nine (29) minutes).

**ANSWER:** Denied.

**31.** Plaintiff and Class Members were also sometimes required to work during meal breaks or were not provided any meal period at all during shifts exceeding five (5) hours. For example, Defendants' time records for Plaintiff show that Plaintiff worked shifts lasting longer than five (5) hours without being provided with a meal period at all on including but not limited to the following dates: Wednesday, February 26, 2025 (Plaintiff worked a single unbroken segment of 9.5 hours from 8:00 AM to 5:29 PM with no meal period recorded); Thursday, January 23, 2025 (Plaintiff worked a single unbroken segment of 8.4 hours from 8:06 AM to



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

4:29 PM with no meal period recorded); Thursday, January 9, 2025 (Plaintiff worked a single unbroken segment of 6.2 hours from 8:00 AM to 2:12 PM with no meal period recorded); Tuesday, November 26, 2024 (Plaintiff worked a single unbroken segment of 8.1 hours from 8:10 AM to 4:20 PM with no meal period recorded); and Monday, September 23, 2024 (Plaintiff worked a single unbroken segment of 8.0 hours from 8:18 AM to 4:21 PM with no meal period recorded).

**ANSWER:** Denied.

**32.** When Class Members worked three (3) or more hours beyond their normal workday and/or worked shifts lasting longer than eleven (11) hours, they did not receive a second meal period.

**ANSWER:** Denied.

**33.** Defendants did not compensate Plaintiff and Class Members with an additional thirty minutes of work time for each instance in which they were not provided required, timely 30-minute uninterrupted meal periods.

**ANSWER:** Denied.

**34.** Plaintiff and other Class Members were also at times denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten minutes long. Plaintiff was not always provided with an off-duty rest period of at least ten (10) minutes for every four (4) hours worked, and Plaintiff was sometimes required to work more than three (3) consecutive hours without a compliant rest break.

**ANSWER:** Denied.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**35.** For example, based on information and belief, Plaintiff was denied one or more compliant rest periods during workweeks containing including but not limited to the following dates on which Defendants' time records show extended unbroken work segments with no recorded break of any kind: September 23, 2024 (8.0 hours worked with no break recorded); November 26, 2024 (8.1 hours worked with no break recorded); January 9, 2025 (6.2 hours worked with no break recorded); January 23, 2025 (8.4 hours worked with no break recorded); and February 26, 2025 (9.5 hours worked with no break recorded). On each such shift, Plaintiff worked well in excess of four (4) consecutive hours — and in several instances more than eight (8) consecutive hours — with no recorded break of any kind, entitling Plaintiff to at least two (2) ten-minute rest periods per shift that Defendants failed to provide and failed to compensate.

**ANSWER:** Denied.

**36.** Based on information and belief, at times and/or at certain locations, Defendants provided no supervisory prompting nor scheduling mechanism to ensure Class Members received rest breaks. For example, Defendants did not provide supervisor prompting nor any scheduling mechanism to ensure Plaintiff received rest breaks at Defendants' Downtown Seattle or Boeing Field locations, resulting in Plaintiff not receiving all owed rest breaks.

**ANSWER:** Denied.

**37.** Defendants maintained no formal or reliable system for scheduling, tracking, or ensuring compliant rest periods.

**ANSWER:** Denied.

**38.** Defendants failed to compensate Plaintiff for each missed or otherwise legally noncompliant rest period.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** Denied.

**39.** Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiff and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

**ANSWER:** Denied.

**40.** Defendants' violations were willful and not a result of inadvertence or carelessness.

**ANSWER:** Denied.

**41.** There was no bona fide dispute regarding the payment of wages.

**ANSWER:** Denied.

**Failure to Pay Minimum and Overtime Wages**

**42.** Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break, resulting in the deprivation of wages owed, in violation of Washington law, including but not limited to, the MWA.

**ANSWER:** Denied.

**43.** Also, Defendants sometimes required Plaintiff and other Class Members to complete work tasks prior to clocking in for the start of shifts, after clocking out for the end of shifts, during unpaid meal periods and/or otherwise outside of recorded shift times, as described



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

above, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

**ANSWER:** Denied.

**44.** For example, at times, Plaintiff was required to wait at least approximately several minutes to five (5) minutes at the start of his shift before he was able to clock in due to computer or manager login issues. At other times, when Defendants' timekeeping system experienced outages, management clocked Plaintiff in per his scheduled start time rather than his actual start time. These off-the-clock increments, occurring at least approximately two (2) to five (5) times per month, were not recorded nor compensated by Defendants, resulting in off-the-clock work and the underpayment of all wages owed. Also, at times, Defendants' management contacted Plaintiff by phone/personal device after working hours to discuss work-related matters, including scheduling, assignments, and/or other work-related matters, resulting in additional uncompensated work time and the deprivation of wages owed.

**ANSWER:** Denied.

**45.** As described above, Defendants required Plaintiff and other Class Members to complete work tasks during meal periods which were not recorded, resulting in Defendants' failure to compensate them for all hours worked.

**ANSWER:** Denied.

**46.** Additionally, because of off-the-clock work and the improper timekeeping as to the beginning and end of meal periods, Plaintiff and other Class Members at times worked more than forty hours per week for which they were not paid overtime compensation.

**ANSWER:** Denied.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**47.** At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiff and other Class Members as required by RCW 49.46.070.

**ANSWER:** Denied.

**Unreimbursed Business Expenses**

**48.** Defendants deprived Plaintiff and other Class Members of earned wages by failing to reimburse for all necessary business expenses necessarily incurred in carrying out their assigned job duties, including but not limited to, cost of personal cell phone/device use for work purposes, resulting in the deprivation of wages owed in violation of the MWA and Chapter 14.20 of the Seattle Municipal Code.

**ANSWER:** Denied.

**49.** Specifically, as explained herein, at times, Plaintiff was required to use his personal cell phone throughout his shifts to navigate vehicle transport routes using GPS applications (including Google Maps), to receive real-time dispatch instructions and assignment updates from Defendants' management and dispatchers while in transit, and to remain reachable to Defendants' management during meal periods. This personal cell phone use for work-related purposes was sometimes continuous throughout Plaintiff's shifts. Defendants did not provide Plaintiff with reimbursement for all costs associated with this mandatory personal cell phone use.

**ANSWER:** Denied.

**50.** These unreimbursed mandatory business expenses resulted in the deprivation of wages owed in violation of the MWA and Chapter 14.20 of the Seattle Municipal Code.

**ANSWER:** Denied.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**Unlawful Outside Employment Restriction**

**51.** Washington's employment restriction law, RCW 49.62.070, protects low-wage workers by prohibiting employers from restricting them from obtaining additional jobs. Specifically, RCW 49.62.070 provides that "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed."

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**52.** This statute "facilitating workforce mobility and protecting employees and independent contractors" by prohibiting restrictions on outside employment must be "liberally construed and exceptions narrowly construed." RCW 49.62.005.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**53.** During Plaintiff's employment, Defendants required Plaintiff to acknowledge as a condition of employment an employment restriction contained in Item 18 of Defendants' "Employee Rules and Regulations," which lists as a ground for immediate discharge the following:

> "Accepting monies or gratuities from competitors for referrals, or working for a competitor."

**ANSWER:** Denied.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**54.** Defendants did not define the term “competitor” anywhere in the Employee Rules and Regulations or in any other employment document provided to Plaintiff.

**ANSWER:** Denied.

**55.** Defendants required all low-wage employees to acknowledge this or a materially similar rule as a condition of hire or continued employment.

**ANSWER:** Denied.

**56.** A prohibition on “working for a competitor” — without defining “competitor” — violates RCW 49.62.070 because it restricts, restrains, or prohibits at least some permissible outside employment. Because Defendants operate a vast vehicle rental, leasing, and fleet management business with operations across multiple industries and market segments, and because the term “competitor” is undefined, the restriction is capable of sweeping in a wide range of permissible outside employment in the transportation, automotive, and related sectors.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**57.** The only lawful restrictions on outside employment for low-wage workers are those that fall within the narrow scope of the common-law duty of loyalty and are reasonable. David v. Freedom Vans LLC, No. 102566-1 (Wash. Jan. 23, 2025).

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**58.** The duty of loyalty of rank-and-file employees like Plaintiff and the proposed class members is narrowly construed. For example, an employer could legitimately prohibit employment that would require misusing confidential information.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**59.** Here, Defendants made no attempt to narrowly frame a prohibition on outside employment that is reasonably tailored to the duty of loyalty applicable to low-wage vehicle transporters. The prohibition is especially overbroad given that Defendants fail to define what constitutes a “competitor.”

**ANSWER:** Denied.

**60.** Accordingly, Defendants’ blanket prohibition on working for “a competitor” violates Washington’s statutory framework seeking to encourage low-wage employees to obtain outside employment. Defendants’ overbroad restriction goes well beyond the scope of the duty of loyalty and therefore constitutes a prohibited restriction under RCW 49.62.070.

**ANSWER:** Denied.

**61.** During Plaintiff’s employment from approximately June 2019 through approximately April 2025, Defendants compensated Plaintiff at hourly rates below the applicable twice-minimum-wage threshold required to lawfully impose outside employment restrictions. For example, in 2022, Plaintiff earned a base hourly rate of approximately $17.27 per hour. The Washington minimum wage in 2022 was $14.49 per hour, making the twice-minimum-wage threshold $28.98 per hour — well above Plaintiff’s rate. In 2023, Plaintiff earned approximately $18.69 per hour; the Washington minimum wage was $15.74 per hour, making the twice-



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

minimum-wage threshold $31.48 per hour. In 2024, Plaintiff earned approximately $19.97 per hour; the Washington minimum wage was $16.28 per hour, making the twice-minimum-wage threshold $32.56 per hour. In 2025, Plaintiff earned approximately $20.76 per hour; the Washington minimum wage was $16.66 per hour, making the twice-minimum-wage threshold $33.32 per hour. Plaintiff's base hourly rate did not exceed these thresholds at any point during his employment.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violations of Washington or other law.

**62.** Defendants did not maintain any system, procedure, or check to determine whether an employee's compensation exceeded the statutory thresholds prior to requiring acknowledgment of the Employee Rules and Regulations.

**ANSWER:** Denied.

**63.** Defendants continue to use the same standardized rules and continue to require low-wage employees to acknowledge the same or materially similar outside employment restriction provisions.

**ANSWER:** Denied.

**64.** Absent injunctive relief, Defendants will continue to impose unlawful outside employment restriction covenants on low-wage workers in Washington, in direct violation of Chapter 49.62 RCW.

**ANSWER:** Denied.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**Unlawful Noncompetition Covenant**

**65.** Defendants' Employee Rules and Regulations also constitute an unlawful noncompetition covenant under RCW 49.62.020.

**ANSWER:** Denied.

**66.** Noncompetition covenants are void and unenforceable in Washington when applied to low-wage employees. RCW 49.62.020.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**67.** A "noncompetition covenant" is any covenant whereby "an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind," including "an agreement that directly or indirectly prohibits the acceptance or transaction of business with a customer." RCW 49.62.010(4).

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**68.** Washington employers may restrict employees from directly soliciting the employer's clients or customers, but to be permissible that restriction must be narrow. A restriction that broadly prohibits working for any entity that competes with Defendants — without defining "competitor" — improperly "directly or indirectly prohibit[s] the acceptance or transaction of business with a customer" within the meaning of RCW 49.62.010(4).



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**<u>ANSWER:</u>** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**69.** During Plaintiff's employment, Defendants required Plaintiff to acknowledge as a condition of employment the restriction contained in Item 18 of Defendants' "Employee Rules and Regulations," which provides:

> "Accepting monies or gratuities from competitors for referrals, or working for a competitor."

**<u>ANSWER:</u>** Denied.

**70.** Defendants did not define the term "competitor" anywhere in the Employee Rules and Regulations. The Hertz Corporation is a global company with operations spanning the vehicle rental, leasing, fleet management, and transportation industries with numerous locations and affiliate brands throughout the United States and internationally. Because the prohibition is undefined and unlimited in scope, it necessarily sweeps in any work — including any business acceptance or transaction — in industries that touch Defendants' vast operations.

**<u>ANSWER:</u>** Denied.

**71.** Defendants required all employees to acknowledge this or a materially similar rule as a condition of hire or continued employment.

**<u>ANSWER:</u>** Denied.

**72.** A restriction that broadly prohibits working for "a competitor" — without limiting it to direct solicitation of Defendants' customers — extends far beyond what Washington law permits. It improperly "directly or indirectly prohibit[s] the acceptance or



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

transaction of business with a customer" and therefore constitutes a noncompetition covenant as defined in RCW 49.62.010(4).

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**73.** Accordingly, the scope of Defendants' prohibition exceeds the legitimate limits an employer may place on low-wage employees and constitutes a noncompetition covenant as defined in RCW 49.62.010(4), which is void and unenforceable as applied to Plaintiff and Noncompetition Class Members whose annualized earnings did not meet the applicable earnings threshold under RCW 49.62.020.

**ANSWER:** Denied.

**FIRST CAUSE OF ACTION**
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiff and Class Members**

**74.** Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER:** Defendant repeats, realleges, and hereby incorporates by reference each and every answer in the preceding paragraphs.

**75.** Under *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 847–51, 50 P.3d 256, 259–61 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**76.** WAC 296-126-092(1) requires that employees receive a 30-minute meal period commencing no sooner than the second hour and no later than the fifth hour of the shift, and that no employee may work more than five consecutive hours without a meal period. Meal periods must be on the employer's time if the employee is required to remain on duty or on the premises.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**77.** WAC 296-126-092(4) requires that employees receive a 10-minute paid rest break for each four hours of work, scheduled as near as possible to the midpoint of the work period, and prohibits requiring employees to work more than three consecutive hours without a rest break.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**78.** "On the employer's time" means rest breaks are compensable. Wingert, 146 Wn.2d at 847–51, 50 P.3d at 259–61. Washington courts have further held that employers must pay for missed meal periods, Pellino v. Brink's Inc., 164 Wn. App. 668, 690–93, 267 P.3d 383 (2011), and for missed rest breaks, Chavez v. Our Lady of Lourdes Hosp. at Pasco, 190 Wn.2d 507, 523–24, 415 P.3d 224, 230–31 (2018).



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**79.** Most recently, the Washington Court of Appeals confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: “30 minutes of wages is an appropriate measure of damages for such a deprivation.” Androckitis v. Virginia Mason Med. Ctr., 32 Wash. App. 2d 418, 430, 556 P.3d 714, 723 (2024), review denied, 4 Wash. 3d 1007, 563 P.3d 448 (2025). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. Wash. State Nurses Ass’n v. Sacred Heart Med. Ctr., 175 Wn.2d 822, 832, 287 P.3d 516, 521 (2012).

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**80.** Defendants failed to provide Plaintiff and Class Members with all rest periods at required times and 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts.

**ANSWER:** Denied.

**81.** Defendants failed to compensate Plaintiff for each missed or otherwise legally noncompliant meal and rest period.

**ANSWER:** Denied.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**82.** Defendants maintained no policy or practice to ensure actual 30-minute breaks were taken for meals. Based on information and belief, at times, Defendants engaged in unauthorized time editing / time shaving and/or deducted at least thirty (30) minutes per shift for meal periods that were less than a full thirty minutes and/or otherwise noncompliant.

**ANSWER:** Denied.

**83.** Based on information and belief, at times, Defendants engineered a timekeeping system that structurally prevented Plaintiff and other Class Members from taking timely, compliant meal periods when their vehicle transport assignments required them to be away from the office location at the five-hour mark of their shifts.

**ANSWER:** Denied.

**84.** As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of all owed wages for all missed or otherwise noncompliant meal periods and rest periods, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

**ANSWER:** Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages RCW 49.58 et seq.
### RCW 49.46 et seq.
### On Behalf of Plaintiff and Class Members

**85.** Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** Defendant repeats, realleges, and hereby incorporates by reference each and every answer in the preceding paragraphs.

**86.** Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("MWA"), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**87.** Defendants failed to pay Plaintiff and Class Members for all hours worked.

**ANSWER:** Denied.

**88.** Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.

**ANSWER:** Denied.

**89.** Additionally, Defendants required Plaintiff and Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiff and Class Members for all work time.

**ANSWER:** Denied.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**90.** Defendants also deprived Plaintiff and other Class Members of earned wages by failing to reimburse for all necessary business expenses and/or by failing to pay and/or properly accrue all owed sick leave/paid time off wages, resulting in the deprivation of wages owed in violation of the MWA.

**ANSWER:** Denied.

**91.** Based on information and belief, at times, Defendants engaged in unauthorized time editing resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

**ANSWER:** Denied.

**92.** As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including interest, attorneys' fees, and costs.

**ANSWER:** Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages(WLAD), RCW 49.60 et seq.
### On Behalf of Plaintiff and Class Members

**93.** Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

**ANSWER:** Defendant repeats, realleges, and hereby incorporates by reference each and every answer in the preceding paragraphs.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**94.** The MWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**95.** The MWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Sec., Inc.*, 162 Wn.2d 42, 47, 169 P.3d 473, 475 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." Id. (citing WAC 296-126-002(8)).

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**96.** As set forth above, during workweeks in which Plaintiff and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated the MWA by failing to pay Plaintiff and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n,* 175 Wn.2d at 832.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**97.** Based on information and belief, at times, Defendants also failed to incorporate all non-discretionary compensation into the regular rate of pay for purposes of calculating the owed overtime rates of pay, resulting in the miscalculation of the owed overtime rates and the underpayment of overtime wages owed.

**ANSWER:** Denied.

**98.** As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of overtime wages owed, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

**ANSWER:** Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory.

**FOURTH CAUSE OF ACTION**
**Violation of Seattle Wage Theft Ordinance**
**SMC 14.20**
**On Behalf of Plaintiff and Seattle Subclass Members**

**99.** Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Defendant repeats, realleges, and hereby incorporates by reference each and every answer in the preceding paragraphs.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**100.** Plaintiff regularly performed work within the geographic boundaries of Seattle, Washington at Defendants' vehicle transport locations in Seattle, Washington, including at Defendants' Downtown Seattle location and at Defendants' Boeing Field location on Airport Way South in Seattle, Washington.

**ANSWER:** Defendant admits that Plaintiff, at times, performed work in the Seattle Metro Area during his employment with Defendant. Defendant denies the remaining allegations not specifically admitted.

**101.** Seattle Municipal Code Chapter 14.20, the Wage Theft Ordinance, requires employers to pay all compensation owed to employees performing work in Seattle by an established regular pay day at no longer than monthly payment intervals. SMC 14.20.020. Compensation includes inter alia minimum wages, rest breaks, "promised or legislatively required paid leave" and reimbursement for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of the employee's duties." See SMC 14.20.010.

**ANSWER:** The allegations set forth in this paragraph state legal conclusions to which responsive pleading is not required. To the extent a response is necessary, Defendant denies any violation of the cited authority.

**102.** Defendants violated SMC 14.20, including but not limited to, SMC 14.20.020 by failing to compensate Plaintiff and other Seattle Subclass Members for all minimum wages as described herein and/or for missed or noncompliant rest periods when Plaintiff and Seattle Subclass Members were denied required rest periods, were required to work through rest periods, or took rest periods that were shorter than ten minutes or improperly timed, including when they worked more than three hours without a rest period.

**ANSWER:** Denied.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**103.** Defendants violated SMC 14.20, including but not limited to, SMC 14.20.020 by failing to reimburse Plaintiff and other Seattle Subclass Members for all necessary business expenses incurred in carrying out the job duties assigned to them by Defendants, including but not limited to, reimbursement for the mandatory use of their personal cell phones for GPS navigation, dispatch communication, and management reachability throughout their shifts.

**ANSWER:** Denied.

**104.** Defendants violated SMC 14.20, including but not limited to, SMC 14.20.030 by failing to maintain adequate records of hours worked and missed, late, or interrupted meal periods and rest periods as required by law.

**ANSWER:** Denied.

**105.** As a result of Defendants' violations of Seattle Municipal Code Chapter 14.20, Plaintiff and Seattle Subclass Members are entitled to full payment of unpaid compensation plus interest at twelve percent per annum, liquidated damages up to twice the unpaid compensation, reasonable attorneys' fees and costs, and such other relief as the Court deems appropriate pursuant to SMC 14.20.090.

**ANSWER:** Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory.

## FIFTH CAUSE OF ACTION
## Violations of RCW 49.62.070
## Unlawful Outside Employment Restriction
## On Behalf of Plaintiff and the Outside Employment Class

**106.** Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** Defendant repeats, realleges, and hereby incorporates by reference each and every answer in the preceding paragraphs.

**107.** The employment restriction contained in Item 18 of Defendants' "Employee Rules and Regulations," requiring acknowledgment as a condition of employment by Plaintiff and other Outside Employment Class Members, is void and unenforceable pursuant to RCW 49.62.070.

**ANSWER:** Denied.

**108.** Defendants did not maintain any system, procedure, or check to determine whether an employee's compensation exceeded the statutory thresholds prior to requiring acknowledgment of the Employee Rules and Regulations.

**ANSWER:** Denied.

**109.** By requiring low-wage employees to acknowledge unlawful restrictions on outside employment, Defendants' actions violated RCW 49.62.070(1).

**ANSWER:** Denied.

**110.** Defendants continue to use the same standardized rules and continue to require low-wage employees to acknowledge the same or materially similar outside employment restriction provisions.

**ANSWER:** Denied.

**111.** Absent injunctive relief, Defendants will continue to impose unlawful outside employment restriction covenants on low-wage workers in Washington, in direct violation of Chapter 49.62 RCW.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:** Denied.

**112.** As a result of Defendants' acts and omissions, Plaintiff and Outside Employment Class Members are entitled to the greater of actual damages or a statutory penalty of $5,000 per violation, plus attorneys' fees and costs, and injunctive relief.

**ANSWER:** Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory.

**SIXTH CAUSE OF ACTION**
**Violations of RCW 49.62.020 — Unlawful Noncompetition Covenant On Behalf of Plaintiff and the Noncompetition Class**

**113.** Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Defendant repeats, realleges, and hereby incorporates by reference each and every answer in the preceding paragraphs.

**114.** The noncompetition covenant contained in Item 18 of Defendants' "Employee Rules and Regulations," requiring acknowledgment as a condition of employment by Plaintiff and other Noncompetition Class Members, is void and unenforceable pursuant to RCW 49.62.020.

**ANSWER:** Denied.

**115.** By requiring low-wage employees—whose W-2 compensation, when annualized, failed to exceed the statutory earnings threshold—to acknowledge unlawful restrictions on business competition, Defendants' actions violated RCW 49.62.020.


SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**<u>ANSWER:</u>** Denied.

**116.** Defendants did not maintain any system, procedure, or check to determine whether an employee's compensation exceeded the statutory earnings threshold prior to requiring acknowledgment of the Employee Rules and Regulations.

**<u>ANSWER:</u>** Denied.

**117.** Defendants continue to use the same standardized rules and continue to require low-wage employees to acknowledge the same or materially similar noncompetition provisions.

**<u>ANSWER:</u>** Denied.

**118.** Absent injunctive relief, Defendants will continue to impose unlawful noncompetition covenants on low-wage workers in Washington, in direct violation of Chapter 49.62 RCW.

**<u>ANSWER:</u>** Denied.

**119.** As a result of Defendants' acts and omissions, Plaintiff and Noncompetition Class Members are entitled to the greater of their actual damages or a statutory penalty of five thousand dollars, plus reasonable attorneys' fees, expenses, and costs pursuant to RCW 49.62.080(2) and/or (3), and injunctive relief.

**<u>ANSWER:</u>** Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff, Class Members, Seattle Subclass Members, the Outside Employment Class, and the Noncompetition Class, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Classes as defined above for the Class periods defined above;

B. An award of damages to Plaintiff and Class Members in the amount of their missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

C. Exemplary damages in amounts equal to double the wages due to Plaintiff and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

D. For Seattle Subclass Members, an award of damages to Plaintiff and Seattle Subclass Members for all unpaid compensation owed plus interest at twelve percent per annum and liquidated damages up to twice the unpaid compensation pursuant to SMC 14.20.090;

E. An injunction declaring Defendants violated SMC 14.20 by failing to pay all compensation owed to employees performing work in Seattle;

F. An award of damages to Plaintiff and the Outside Employment Class in the amount of the greater of each class member's actual damages or a statutory penalty of $5,000 per violation of RCW 49.62.070, pursuant to RCW 49.62.080;

G. An award of damages to Plaintiff and the Noncompetition Class in the amount of the greater of each class member's actual damages or a



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

statutory penalty of five thousand dollars per violation of RCW 49.62.020, pursuant to RCW 49.62.080(2) and/or (3);

H. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from requiring low-wage employees to acknowledge outside employment restriction covenants and noncompetition covenants that violate RCW 49.62.070 and RCW 49.62.020;

I. Declaratory relief that Defendants' outside employment restriction covenant and noncompetition covenant violate Washington law and are void;

J. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1), RCW 49.48.030, R CW 49.52. 070, SMC 14.20.090, and RCW 49.62.080;

K. Prejudgment and post-judgment interest, including at the rate of 12% per annum as provided by RCW 19.52.020 and RCW 4.56.110 for the Class; and

L. All other relief this Court deems proper.

**ANSWER:** The remaining allegations in Plaintiff's Amended Complaint constitute a prayer for relief, to which responsive pleading is not required. To the extent a response is required, Defendant denies the allegations, including without limitation that class treatment is appropriate and that Plaintiff and/or putative class members are owed any relief whatsoever, under any theory.

## AFFIRMATIVE AND OTHER DEFENSES

Below are Defendant's affirmative and other defenses. By setting forth these defenses, Defendant does not assume any burden of proof as to any fact issue or other element of any



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

cause of action that properly belongs to Plaintiff—including, without limitation, Plaintiff's obligation to satisfy the obligations set forth in Rule 23. Defendant reserves the right to amend or supplement its defenses.

1. Plaintiff and putative class members fail to state a claim upon which relief may be granted.

2. Plaintiff and putative class members lack standing to assert their claims, to represent the purported class members, and/or to seek some or all of the relief requested.

3. Plaintiff and putative class members sustained no cognizable injury or damages.

4. Plaintiff and putative class members' claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiff and putative class members voluntarily waived some, or all, meal periods.

6. Defendant The Hertz Corporation denies that it employed Plaintiff or any putative class member in Washington. The Hertz Corporation is an improperly named defendant entity in this action.

7. The Court lacks personal jurisdiction over The Hertz Corporation.

8. Plaintiff and putative class members' claims are barred, in whole or in part, by the doctrines of waiver, laches, ratification, consent, acquiescence, accord and satisfaction, payment, settlement, estoppel, unclean hands, offset, and/or other principles of equity.

9. Plaintiff and putative class members' claims are barred, in whole or in part, by setoff, offset, and/or recoupment.

10. Plaintiff and putative class members are precluded from recovering any amounts from Defendant because Defendant has paid all sums legally due.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

11. Plaintiff and putative class members' claims are barred because any recovery from Defendant would result in unjust enrichment to Plaintiff and/or putative class members.

12. Plaintiff and putative class members fail to allege facts supporting punitive, exemplary, willful, or liquidated damages (including but not limited to willfulness).

13. A bona fide dispute exists regarding the damages alleged by Plaintiff and putative class members.

14. Plaintiff and putative class members knowingly and voluntarily submitted to any alleged wage and hour violation, including without limitation knowingly submitting to any alleged violation under RCW 49.52 and/or RCW 49.46 et seq., depriving them of the right to recovery under those or other statutes.

15. Plaintiff and putative class members' claims, either individually or on behalf of a putative class, are frivolous and subject to RCW 4.84.185.

16. Any act or omission alleged to have given rise to Plaintiff or putative class members' claims was taken in good faith and based on reasonable belief that Defendant was in compliance with all wage and hour and/or statutory requirements.

17. Defendant used reasonable care to prevent unlawful conduct through effective policies and complaint procedures. Plaintiff and putative class members unreasonably failed to use Defendant's complaint procedures.

18. Some or all of Plaintiff or putative class members' claims are de minimis.

19. Plaintiff and putative class members failed to mitigate damages, if any they allegedly sustained, and to protect themselves from avoidable consequences.

20. Plaintiff and putative class members' claims fail to meet the criteria for certifying this case as a class action under Rule 23.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

21. Plaintiff and putative class members' claims are neither common to nor typical of those of, if any, members of the proposed class.

22. The members of the proposed class are not so numerous that joinder is impracticable.

23. Plaintiff is an inadequate and atypical representative of the proposed class.

24. Class certification would be inappropriate due to conflicts of interest between Plaintiff and putative class members, or between and among putative class members, and/or between putative class members and Plaintiff's counsel.

25. Plaintiff and putative class members cannot show class treatment of the alleged claims is superior to other methods of adjudicating the controversy.

26. Plaintiff and putative class members' claims are barred, in whole or in part, on the basis that Defendant acted in good faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of federal, state, or local administrative or regulatory agency.

27. Defendant is not liable for additional wages or overtime for alleged off-the-clock work or alleged rest break or meal period violations because, if that work occurred (which Defendant denies), Defendant did not suffer or permit the alleged off-the-clock work or alleged rest break or meal period violations.

28. Defendant is not liable for additional wages or overtime for alleged off-the-clock work or alleged meal period or rest break violations because, if that work occurred (which Defendant denies), Defendant neither knew nor should have known about the off-the-clock work or alleged meal period or rest break violations.

29. Defendant is not liable for additional wages or overtime for alleged off-the-clock work or alleged meal period or rest break violations because, if that work occurred (which Defendant denies), Defendant had adequate systems in place to track, record, and account for that time.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

30. Alleged deductions from Plaintiff and putative class members' wages were not unlawful because either Defendant was empowered or required to make the alleged deductions by state, local, or federal law, and/or any such deduction was authorized for a lawful purpose accruing to the benefit of Plaintiff and putative class members, or for other lawful purpose.

31. Plaintiff and putative class members' claims are barred because neither Plaintiff nor putative class members are "aggrieved" pursuant to Washington (or other) statute and, thus, have no right of action.

32. Allowing this case to be maintained as a class action would constitute a denial of Defendant's due process and constitutional rights, both substantively and procedurally.

33. Any alleged contract or agreement (including without limitation any alleged "noncompetition covenant") alleged by Plaintiff is void and invalid, including without limitation for lack of consideration, no mutual assent, indefinite terms, lack of performance, recission, and/or lack of harm.

34. Plaintiff fails to make a valid, proper, or colorable claim under RCW 49.62 et seq.

35. Defendant reserves the right to amend its answer to state additional affirmative or other defenses, to delete or withdraw defenses, and to add such counterclaims as may be necessary after reasonable opportunity for discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

Having fully answered Plaintiff's Amended Complaint, and having asserted its defenses against Plaintiff, Defendant prays for the following relief:

1. That Plaintiff and putative class members take nothing by way of the Complaint.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

2. That the Court dismiss Plaintiff's Complaint in its entirety with prejudice and without an award of costs or fees to Plaintiff.

3. That Defendant be awarded reasonable expenses incurred in defending this action, including its costs and reasonable attorneys' fees.

4. That the Court deny Plaintiff's request to certify this case as a class action.

5. That the Court grant Defendant such other relief as it deems just and equitable.

DATED: June 16, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/Devin Smith*

Devin Smith, WSBA #42219
Kathryn Rosen, WSBA #29465
Katie Gould, WSBA #58622
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 393-4060
Email: devinsmith@seyfarth.com
krosen@seyfarth.com
kgould@seyfarth.com

*Counsel for Defendant The Hertz Corporation*

**CERTIFICATE OF SERVICE**

I hereby declare that on this 16th day of June, 2026, I caused a copy of the foregoing to be electronically filed with the Court using ECF-Filing system and notification of such filing to the following by email:

Jamie K. Serb (WSBA No. 62065)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com

*/s/ Jonathan Henley*
Jonathan Henley, Maj., USAF (*Ret.*),
Legal Assistant

325904021v.6



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910